J-A13045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN LAMONT FOGLE | : | |
| | : | |
| Appellant | : | No. 1019 WDA 2024 |

Appeal from the Judgment of Sentence Entered August 1, 2024
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000418-2023

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: May 13, 2025**

Appellant, Brian Lamont Fogle, appeals from the aggregate judgment of sentence of 72 to 144 months' incarceration, imposed after a jury convicted him of strangulation (18 Pa.C.S. § 2718(a)(1)), harassment (18 Pa.C.S. § 2709(a)(1)), and simple assault (18 Pa.C.S. § 2701(a)(1)).  On appeal, Appellant seeks to challenge the discretionary aspects of his sentence, as well as the weight and sufficiency of the evidence to sustain his convictions. Additionally, Appellant's counsel, Russell J. Montgomery, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

At Appellant's jury trial in May of 2024, Tammy Lee testified that she and Appellant had been in a romantic relationship for approximately one year

when, on February 12, 2023, they got into a heated argument because Appellant believed she was cheating on him. N.T. Trial, 5/8/24, at 38, 41-42, 55. Ms. Lee testified that they were arguing in their shared home when Appellant hit her and she fell over a stool, landing on the floor. *Id.* at 44, 45. Appellant then grabbed Ms. Lee's cell phone and began "smashing it up against the wall" and yelling that she "was lying and … cheating…." *Id.* at 46.

Ms. Lee attempted to flee through the back door of the house, but Appellant hit her again, causing her to fall over a chair. *Id.* at 47. As Ms. Lee then tried to run out the front door, Appellant placed "his hand on [her] neck and he was like pushing up, [and] squeezing." *Id.* at 48. Ms. Lee testified that she could not breathe, and she "was trying to yell" but "[n]othing would come out." *Id.* Ms. Lee ultimately lost consciousness. *Id.* at 49. When she woke up, she was near the same spot where Appellant had been strangling her, and Appellant was in the hallway nearby. *Id.* at 49, 50. She was able to coax Appellant out of the house, get her phone back from him, and then reenter the house and lock the door, after which she called 911. *Id.* at 51. Ms. Lee testified that the police arrived, and she was transported to the hospital. *Id.* at 53.

Based on this evidence, the court convicted Appellant of the above-stated offenses. On August 1, 2024, the court sentenced him to 60 to 120 months' incarceration for his strangulation offense, and a consecutive 12 to 24 months' incarceration for his simple assault crime. Appellant's harassment

offense merged with his simple assault conviction. Thus, Appellant's aggregate sentence is 72 to 144 months' incarceration.

Appellant did not file any post-sentence motions. On August 16, 2024, he filed a timely notice of appeal. In response to the court's order for Appellant to file a Pa.R.A.P. 1925(b) statement, Attorney Montgomery filed a statement of his intent to file an *Anders* brief and petition to withdraw. *See* Pa.R.A.P. 1925(c)(4). The court thereafter filed a letter indicating that it was relying on the record and not issuing a Rule 1925(a) opinion. *See* Letter, 9/19/24, at 1 (single page).

On January 22, 2025, Attorney Montgomery filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an *Anders* brief, discussing three issues Appellant seeks to raise on appeal, *i.e.*, a claim that his sentence is "too harsh[,]" a challenge to the sufficiency of the evidence, and a claim that the jury's verdict was contrary to the weight of the evidence presented at trial. *Anders* Brief at 7. Attorney Montgomery concludes that these issues are frivolous, and that Appellant has no other, non-frivolous claims he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

>> (1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007)….

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Montgomery's *Anders* brief substantially complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Montgomery's petition to withdraw

- 4 -

indicates that he supplied Appellant with a copy of his **Anders** brief. Additionally, although counsel initially failed to attach to his petition to withdraw a copy of a letter advising Appellant of his rights under **Nischan**, counsel subsequently provided the letter in compliance with an order this Court issued on January 24, 2025. The letter and certificate of service attached thereto indicate that Appellant was served with a copy of the letter. Accordingly, Attorney Montgomery has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

First, Appellant seeks to argue that his sentence is excessive. It is well-settled that

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006).... Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003)....

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra***, ***supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant did not file a post-sentence motion, and our review of the sentencing transcript reveals that he did not orally object to his sentence at that hearing. Thus, his claim that his sentence is excessive is waived for our review, and we agree with Attorney Montgomery that it would be frivolous to raise this issue on appeal. ***See id.*** at 936 ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted).

In any event, even if not waived, and if Appellant presented a substantial question for our review,[1] we could conclude that no relief is due. Initially, we observe that,

---

[1] Attorney Montgomery fails to include a Rule 2119(f) statement in his ***Anders*** brief. However, that error does not preclude us from reviewing Appellant's sentencing issue. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (noting that, where counsel has filed an ***Anders*** brief, this Court has reviewed the discretionary aspects of sentencing claim, even absent a separate Rule 2119(f) statement).

[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, where a trial court had the benefit of a presentence report, we "presume[] that the court [was] aware of all appropriate sentencing factors and considerations…." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1126 (Pa. Super. 2017) (citation omitted). "Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Moury***, 992 A.2d at 171 (citation omitted). In ***Moury***, we also stressed that, "[a]lthough Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement[,] and "[u]nder 42 Pa.C.S.[] § 9721, the court has discretion to impose sentences consecutively or concurrently…." ***Id.*** (citations omitted).

In this case, the trial court had a presentence report and "reviewed [it] in its entirety." N.T. Sentencing, 8/1/24, at 3. The court recognized the applicable sentencing guidelines on the record. ***Id.*** at 4. It explained that the standard range for Appellant's strangulation conviction was 48 to 60 months, and it was 9 to 12 months for his simple assault charge. ***Id.*** at 4. Attorney Montgomery explained to the court Appellant's mental health issues, noting

that he "suffers from [post traumatic stress disorder and] depression." ***Id.*** at 10. Counsel also stressed that Appellant has "suffered a lot of trauma in his life" and "has drug and alcohol issues…." ***Id.*** Appellant exercised his right to allocution, reiterating that he has mental health and drug issues, and explaining the trauma he has experienced from the deaths of several close family members. ***Id.*** at 11.

In imposing its sentence, the court acknowledged Appellant's familial losses, and the "impact that can have on people." ***Id.*** at 13. However, the court noted that Appellant's crimes were not the first instance of "this type of behavior" by him, and characterized his conduct in this case as "reprehensible…." ***Id.*** Ultimately, the court imposed standard-range sentences for Appellant's strangulation and simple assault convictions, and merged his harassment crime. The court also defended imposing consecutive sentences because there were "separate physical acts in this case … to justify distinct sentences for the strangulation and simple assault" crimes. ***Id.*** at 12-13.

Based on this record, we would discern no abuse of discretion in the court's imposition of standard-range, consecutive sentences. The court considered Appellant's presentence report, mental health and drug issues, past trauma, prior criminal record, and the seriousness of his instant offenses. Accordingly, even if not waived, we would agree with Attorney Montgomery that it would be frivolous for Appellant to argue on appeal that his sentence is excessive.

Next, Appellant seeks to challenge the sufficiency of the evidence to sustain his convictions. Initially, we observe that,

> "[w]hether the evidence was sufficient to sustain the charge presents a question of law." **Commonwealth v. Toritto**, 67 A.3d 29 (Pa. Super. 2013) (*en banc*). Our standard of review is *de novo*, and our scope of review is plenary. **Commonwealth v. Walls**, 144 A.3d 926 (Pa. Super. 2016). In conducting our inquiry, we examine[,]
>
>> whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, [is] sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all … the evidence introduced.
>
> **Commonwealth v. Trinidad**, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quotation omitted).

**Commonwealth v. Rojas-Rolon**, 256 A.3d 432, 436 (Pa. Super. 2021), *appeal denied*, 285 A.3d 879 (Pa. 2022).

Instantly, Appellant was convicted of strangulation, simple assault, and harassment. "A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by: (1) applying pressure to the throat or neck[.]" 18 Pa.C.S. § 2718(a)(1). "[A] person is guilty of [simple] assault if he: (1) attempts to

cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). Finally, "[a] person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S. § 2709(a)(1).

In the case *sub judice*, Ms. Lee's testimony was sufficient to support each of these offenses. Specifically, Ms. Lee testified that Appellant put his hands on her neck and squeezed to the point where she could not breathe and lost consciousness. Clearly, this was sufficient to sustain his strangulation offense. Additionally, Ms. Lee's testimony that Appellant hit her two separate times, causing her to fall over a stool and a chair, was enough to prove he attempted to cause her bodily injury, thus supporting his simple assault conviction. Finally, Ms. Lee's testimony that Appellant screamed at her, smashed her phone against a wall, hit her twice, and strangled her was sufficient to prove that he physically contacted her with the intent to harass, annoy, or alarm her. Thus, we agree with Attorney Montgomery that Ms. Lee's testimony was sufficient to support each of Appellant's convictions, and raising a sufficiency challenge on appeal would be frivolous.

Finally, Appellant desires to contest the weight of the evidence to sustain the jury's verdict. Initially, we do not discern anywhere in the record that Appellant orally raised a weight-of-the-evidence claim, and he did not file a pre- or post-sentence motion asserting this issue for the trial court's review.

Thus, it is waived, and it would be frivolous for Attorney Montgomery to raise on appeal. *See* Pa.R.Crim.P. 607(A) (directing that a claim that the verdict was against weight of evidence must be raised before the trial court orally or in a written motion prior to sentencing, or in a post-sentence motion); *Griffin*, 65 A.3d at 938 (finding a weight of the evidence claim waived where the appellant failed to raise it in a pre-sentence motion, did not address the issue orally prior to sentencing, and did not raise it in a post-sentence motion).

In any event, even if not waived, we would agree with Attorney Montgomery that raising a weight challenge on appeal would be frivolous. Our Supreme Court has explained:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well[-]settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Here, the trial court did not review Appellant's weight claim, as it was not raised below. However, even if the court had rejected Appellant's challenge to the weight of the evidence, we would discern no abuse of

- 11 -

discretion in that decision. Given Ms. Lee's description of the events, discussed *supra*, it would not have been an abuse of discretion for the court to conclude that the jury's verdict did not shock its sense of justice. Accordingly, even if preserved, we would agree with Attorney Montgomery that Appellant's challenge to the weight of the evidence would be frivolous to raise on appeal.

In sum, the issues Appellant seeks to raise herein are waived and/or meritless. Additionally, our review of the record reveals no other, non-frivolous claims he could assert on appeal. Therefore, we affirm his judgment of sentence and grant Attorney Montgomery's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/13/2025